IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EUGENE EDWARD BROWN, III,**

        **Plaintiff,**

    v.                                  CASE NO. 18-3118-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,**
**et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner in state custody. Plaintiff seeks relief from the denial of his application for a change in classification under K.S.A. § 22-3730. On May 25, 2018, the Court directed service of process under its electronic service agreement in effect with the Kansas Department of Corrections and directed KDOC to prepare and file a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). This matter is before the Court on the motion of the Kansas Department of Corrections for an extension of time to file the *Martinez* report (Doc. #5) and the plaintiff's motion for default judgment (Doc. #10).

First, the motion for extension of time is denied as moot as the *Martinez* report was filed on August 5, 2018 (Doc. #7).

Next, plaintiff's motion for default judgment asserts that defendants have failed to timely answer this action. Defendants respond that the time to file an answer is sixty days after the filing of the *Martinez* report and state that they will file that pleading on or before October 5, 2018.

Under Rule 55 of the Federal Rules a Civil Procedure, a two-step

process exists for a default judgment. First, a party must obtain an entry of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014)(unpublished order)("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Then, the party must either seek default judgment from the Clerk where the claim is for "a sum certain or a sum that can be made certain by computation", or "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

In deciding whether to enter default judgment, the court should consider factors including (1) the degree of actual prejudice to the defendant; (2) the degree of interference with the judicial proceeding; (3) the culpability of the non-moving party; (4) whether the court warned the party that dismissal was a likely consequence; and (5) the efficacy of other sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)(internal citations omitted).

The entry of default judgment is a viewed as a "harsh sanction" and is disfavored. The Tenth Circuit has stated:

> [S]trong policies favor resolution of disputes on their merits: the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*In re Rains*, 046 F.2d 731, 732-33 (10th Cir. 1991)(citations omitted).

Having considered the record, the Court declines to enter default judgment in this matter. This matter is subject to the electronic

service agreement in effect between the Kansas Department of Corrections and the Court. Under that agreement, state defendants have sixty days following the filing of the *Martinez* report to answer, as stated in the Service Order (Doc. #3)[1]. Given that timeline and the lack of any evidence that the defendants have been dilatory or otherwise uncooperative, the Court concludes that the motion for default judgment must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED the motion for extension of time filed by the Kansas Department of Corrections (Doc. #5) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for default judgment (Doc. #10) is denied.

**IT IS SO ORDERED.**

DATED:  This 25th day of September, 2018, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge

---

[1] The Court recognizes that the order directing service of process (Doc. #2) incorrectly states that the answer is due thirty days after the report. While that period is standard in cases in which a *Martinez* report is ordered, in cases under the electronic service agreement, the Kansas Department of Corrections has been granted a longer period of time.